**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-4553

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOSE SOTO-RAMIREZ,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Big Stone Gap.  James P. Jones, Senior District Judge.  (2:20-cr-00012-JPJ-PMS-1)

Submitted:  October 24, 2022                    Decided:  November 15, 2022

Before DIAZ and THACKER, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Juval O. Scott, Federal Public Defender, Charlottesville, Virginia, Nancy C. Dickenson-Vicars, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Abingdon, Virginia, for Appellant.  Christopher R. Kavanaugh, United States Attorney, Roanoke, Virginia, Jennifer R. Bockhorst, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Abingdon, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following a jury trial, Jose Soto-Ramirez was convicted of possession of a prohibited object by an inmate, in violation of 18 U.S.C. § 1791(a)(2), (d)(1)(B). Soto-Ramirez appeals his conviction, asserting that the district court plainly erred in giving a limiting jury instruction. We affirm.

At trial, the district court instructed the jury that it could not consider "[t]he fact that Mr. Soto-Ramirez was an inmate and thus had been previously convicted of a crime" as evidence that he was guilty of the charged offense. Soto-Ramirez contends that this instruction erroneously relieved the Government of its burden of proving every element of the offense beyond a reasonable doubt. As Soto-Ramirez concedes, because he did not object to the jury instruction in the district court, our review is for plain error. *See United States v. Gillespie*, 27 F.4th 934, 940 (4th Cir. 2022), *cert. denied*, No. 21-8089, 2022 WL 4653160 (U.S. Oct. 3, 2022).

"On plain-error review, the defendant rather than the Government bears the burden of proof." *United States v. Said*, 26 F.4th 653, 660 (4th Cir. 2022) (internal quotation marks omitted). To meet this burden, Soto-Ramirez "must show that an error (1) was made, (2) is plain, and (3) affects substantial rights." *United States v. Miller*, 41 F.4th 302, 310 (4th Cir. 2022) (cleaned up).

In order to convict Soto-Ramirez, the Government was required to prove that he was an inmate of a prison and that he possessed a prohibited object that was designed or intended to be used as a weapon. 18 U.S.C. § 1791(a)(2), (d)(1)(B). Soto-Ramirez does not dispute that the district court properly instructed the jury as to the elements of the

2

offense.   However, he argues that the limiting instruction improperly relieved the Government of its burden of proving the element that he was an inmate.

"The Constitution gives a criminal defendant the right to demand that a jury find him guilty of all the elements of the crime with which he is charged." *United States v. Gaudin*, 515 U.S. 506, 510 (1995); *see United States v. Lindberg*, 39 F.4th 151, 159 (4th Cir. 2022).   Here, although the district court correctly instructed the jury that, in order to convict Soto-Ramirez of the § 1791 offense, it was required to find that he was an inmate, the limiting instruction created the potential for jury confusion by instructing the jury that it could not consider as evidence of his guilt "the fact that Mr. Soto-Ramirez was an inmate and thus had been previously convicted of a crime."   Even if this was error that was plain, however, we conclude that Soto-Ramirez failed to establish that the error affected his substantial rights.

"For an error to prejudice a defendant sufficiently to affect substantial rights, it must have affected the outcome of the district court proceedings." *Gillespie*, 27 F.4th at 940 (cleaned up).   Where the district court omits an element of the offense from the jury instructions and the defendant contests the omitted element, a defendant is not prejudiced if "there is [no] evidence upon which a jury could have reached a contrary finding." *United States v. Brown*, 202 F.3d 691, 701 (4th Cir. 2000).   Here, the court did not omit from the jury instructions the requirement that the jury must find that Soto-Ramirez was an inmate, but it gave a limiting instruction that could have confused the jury as to whether it must find that element of the offense because the limiting instructing referred to the "fact" of Soto-Ramirez's status as an inmate.   However, the evidence at trial, through three

3

corrections officers, showed that the incident occurred at USP Lee, a federal penitentiary. Two of the corrections officers referred to Soto-Ramirez as "Inmate Soto-Ramirez" in their testimony. Furthermore, the incident report—prepared by one of the corrections officers and introduced into evidence—reflected that the incident occurred at USP Lee. The incident report identified Soto-Ramirez as an "inmate" and listed his prison identification number. Nothing presented at trial contradicted this evidence. Because there was no evidence upon which the jury could have concluded that Soto-Ramirez was not an inmate, Soto-Ramirez cannot meet the burden of showing that the outcome of the trial would have been different if the district court had not given the limiting instruction. Therefore, Soto-Ramirez failed to demonstrate that any error affected his substantial rights.

Accordingly, we affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*